UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ALEXANDER HUN and DANA PAUL, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> KASHI COMPANY, a California Corporation, <br><br> *Defendant.* | Case No. 15 Civ. 1391 |

**KASHI COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR STAY ACTION PENDING RULING ON MOTION TO APPROVE CLASS SETTLEMENT IN *GARCIA V. KASHI***

Kenneth K. Lee (NY Reg. No. 4056750)
JENNER & BLOCK LLP
klee@jenner.com
633 West 5th Street
Suite 3600
Los Angeles, CA 90071
Tel.: 213 239-5100
Fax: 213 239-5199

*-and-*

Dean N. Panos (applying *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Defendant Kashi Company*

2371264.3

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND..............................................................................................1

     I.       The Garcia v. Kashi Lawsuit ..................................................................................1

     II.     The *Hun v. Kashi* Lawsuit. ...................................................................................3

ARGUMENT.......................................................................................................................3

CONCLUSION....................................................................................................................6

## INTRODUCTION

This lawsuit largely mirrors the legal claims and factual allegations of *Garcia v. Kashi Company*, Case No. 1:12-cv-21678, which was filed in 2012 in the United States District Court for the Southern District of Florida.  Both lawsuits object to the presence of the phrases "All Natural" and "Nothing Artificial" found on the packaging of certain Kashi products, alleging that the phrases are false and misleading because the products supposedly contain synthetic ingredients.  The putative class in this case (New York and New Jersey consumers who have purchased Kashi products bearing the phrase "All Natural" or "Nothing Artificial" within the past four years) is subsumed by the proposed class in *Garcia*, which is defined as "all consumers, excluding California residents, who purchased any package" of Kashi products bearing the "All Natural" and "Nothing Artificial" statement since May 3, 2008.

Importantly, the *Garcia* parties recently reached a nationwide class settlement agreement, which has been presented to the Florida court for preliminary approval.  Because the complaint in this case is substantially identical to the *Garcia* complaint, the approval of the *Garcia* settlement will dispose of all of the claims in this case.  For this reason, Kashi seeks to dismiss without prejudice or stay this matter pending the Court's decision whether to approve the *Garcia* class settlement.[1]  The interests of judicial economy and preservation of resources favor this result.

## FACTUAL BACKGROUND

### I.     The Garcia v. Kashi Lawsuit

On May 3, 2012, plaintiffs Katrina Garcia and Laura Eggnatz (née Gabbamonte) filed a putative class action in the United States District Court for the Southern District of Florida against Kashi Company and its parent Kellogg Company.  Ex. 1 at 1.[2]  The *Garcia* plaintiffs filed the complaint on behalf of themselves and all United States consumers (except those in

---

[1] Kashi also has further substantive grounds to move to dismiss this case, and may file a motion for judgment on the pleadings in the event the case is not stayed or is ultimately re-opened.

[2] All exhibits cited herein are attached to the concurrently-filed Declaration of Kenneth K. Lee.

2371264.3

California[3]) who had purchased Kashi products labeled as "All Natural" or "Nothing Artificial" since May 3, 2008.  Ex. 2 ¶ 60.  The *Garcia* plaintiffs claimed that Kashi's labels were false or misleading because, *inter alia*, the products contained allegedly synthetic ingredients, including Pyridoxine Hydrochloride, Alpha-Tocopherol Acetate, Calcium Pantothenate, and hexane-processed soy ingredients.  *Id.* ¶ 3.  The plaintiffs sought both monetary and injunctive relief.  *Id.* at Prayer for Relief.

On June 5, 2015, the *Garcia* parties executed an agreement to settle plaintiffs' claims on a nationwide basis, excluding California consumers.  Ex. 3.  The *Garcia* settlement includes all Kashi products labeled as "All Natural," "100% Natural," or "Nothing Artificial" (*id.* at 9) that contain genetically modified organisms and/or "synthetic ingredients, *such as* GMO soy, SMO soy-derivatives, GMO corn, GMO corn-derivatives, Pyridoxine Hydrochloride, Alpha-Tocopherol Acetate, Hexane-Processed Soy ingredients and Calcium Pantothenate" (*id.* at 5) (emphasis added).  The settlement also includes a broad release of claims by Plaintiffs and "each Settlement Class Member who has not validly excluded himself or herself from the Settlement Class" against Kashi "arising out of or relating to the packaging, marketing, distribution or sale by Kashi of food products labeled as "All Natural," "100% Natural," "Nothing Artificial," or the like, which have been or could have been asserted by the Class Representatives in Plaintiffs' Second Amended Consolidated Class Action Complaint or in any of the previous Complaints."  *Id.* at 9, 21.  As part of the settlement, Kashi has agreed to compensate class members and remove "All Natural," "100% Natural," and "Nothing Artificial" from any products containing the challenged ingredients.  *Id.* at 12, 15.

The *Garcia* plaintiffs' Motion for Preliminary Approval of the nationwide settlement is currently pending before the District Court for Southern District of Florida.  Ex. 4.

---

[3] Kashi previously settled a California-only class action involving substantially similar claims in *Bates v. Kashi*, Case No. 3:11-CV-01967-H (BGS) (S.D. Cal.).

## II.        The *Hun v. Kashi* Lawsuit.

On March 17, 2015, Plaintiffs Alexander Hun and Dana Paul filed this lawsuit in the District Court for the Eastern District of New York.  ECF No. 1.  Plaintiffs allege that Kashi products are mislabeled as "All Natural" and/or "Nothing Artificial" because they contain one or more of the following allegedly synthetic ingredients: "Ascorbic Acid, Calcium Pantothenate, Calcium Phosphates, Glycerin, Hexane-Processed Soy Ingredients, Potassium Bicarbonate, Pyridoxine Hydrochloride, Sodium Acid Pyrophosphate, Sodium Citrate, Sodium Phosphates, Tocopherols, and Xanthan Gum.  *Id.* ¶ 1.  Plaintiffs seek to certify classes of New York and New Jersey consumers of Kashi products labeled as "All Natural" and "Nothing Artificial."  *Id.* ¶ 72. Plaintiffs seek monetary damages and restitution along with injunctive relief, including the removal of the challenged labels from the Kashi products at issue.  *Id.* ¶ 8.

## ARGUMENT

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Trikona Advisors Ltd. v. Kai-Lin Chuang*, No. 12-CV-3886, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013) (citing *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (recognizing the court's "inherent power to issue a stay in the interest of justice").  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In deciding whether to dismiss or stay a duplicative action, "the district court [should] consider the equities of the situation when exercising its discretion."  *Curtis*, 226 F.3d at 138. Motions to stay are subject to the following considerations: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Trikona*, 2013 WL 1182960, at *2 (finding that "the interests of the litigants, the court,

3

2371264.3

interested parties, and the public weigh in favor of staying the proceedings pending outcome of TAL's litigation in the District of Connecticut"); *Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11 CIV. 1608(MHD), 2012 WL 2865485, at *3 (S.D.N.Y. July 10, 2012) *aff'd*, No. 11 CI. 1608(AJN), 2012 WL 5039065 (S.D.N.Y. Oct.17, 2012) ("This test has been applied to stay a federal action in light of a concurrently pending federal action ... either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law . . . .").

"Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims [in the case before them]."[4] *Ali v. Wells Fargo Bank, N.A.*, No. CIV–13–876–D, 2014 WL 819385, at *3 (W.D. Okla. Mar. 3, 2014).  The court's decision in *Ali v. Wells Fargo Bank, N.A.*, is illustrative.  There, the court granted a stay pending final approval or disapproval of a nationwide class settlement in a parallel federal action titled *Fladell v. Wells Fargo Bank, N.A.*, which was brought against the same defendant and involved substantially similar claims.  2014 WL 819385.  The court reasoned as follows:

> Although the theories of liability in this case and the *Fladell* case are not identical, the alleged conduct of Wells Fargo on which Plaintiff bases her claims in this case constitutes the same factual predicate for the class claims in *Fladell*. A settlement in *Fladell* will likely prevent class members from subsequently asserting claims relying on a legal theory or theories difference from that relied upon in the class action complaint, but depending upon the same factual predicate.

---

[4]    *See also Packer v. Power Balance, LLC*, 2011 WL 1099001 at *2 (D.N.J. Mar. 22, 2011) (granting stay pending consideration of nationwide class settlement, and noting "[i]t would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint at the same time" another judge "is considering the nationwide settlement"); *Lindley v. Life Investors Ins. Co.*, Nos. 08–CV–0379, 09–CV–0429, 2009 WL 3296498 (N.D. Okla. Oct. 9, 2009) (granting stay pending result of fairness hearing of class-wide settlement in similar case); *In Re RC2 Corp. Toy Lead Paint Products Liability Litig.*, No. 07 C 7184, MDL No. 1893, 2008 WL 548772 (N.D. Ill. Feb. 20, 2008) (granting stay pending final approval of settlement in another action involving similar putative classes and claims); *Chartener v. Provident Mut. Life Ins. Co.*, No. CIV.A. 02-8045, 2003 WL 22518526 (E.D. Pa. Oct. 22, 2003) (staying class action pending settlement of state court action because "[i]t is clear that the final outcome of state court proceedings will have a substantial affect on, if not dispose of, some or all of Plaintiff's claims before this court").

4

> . . . Thus, if the settlement in *Fladell* is approved, it will likely preclude all claims of the class Plaintiff seeks to represent in this case, and will resolve Plaintiff's claims unless she opts out of the certified class.  Under these circumstances, the Court finds a stay of this case is appropriate.

The court also noted that it could "discern[] no prejudice that will result to [plaintiff] from a stay of this action.  On the other hand, a stay may avoid an unnecessary waste of the Court's and the parties' resources."  *Id.*; *see also JP Morgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013) ("A stay will allow both parties to conserve their resources should a settlement in [the overlapping case] be finalized .").

Here, similarly, approval of the settlement in *Garcia* will resolve all outstanding claims in this case, obviating the need for the parties and the Court to expend resources on motion practice, discovery and trial.  This is because both actions arise from the same factual predicate (*i.e.*, that Kashi allegedly mislabeled certain products as "All Natural" and/or "Nothing Artificial" when those products in fact contained allegedly synthetic ingredients[5]), and seek the same relief (*i.e.*, restitution and removal of the allegedly misleading labels).  Plaintiffs and their proposed putative class are already part of the putative class in Florida.

Further, the broad settlement and release in the *Garcia* action applies to any claims that "have been or could have been asserted by the Class Representatives," and thus will preclude Plaintiffs' claims in this case.  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 106 (2d Cir. 2005) ("Broad class action settlements are common, since defendants and their cohorts would otherwise face nearly limitless liability from related lawsuits in jurisdictions throughout the country.  Plaintiffs in a class action may release claims that were or could have been pled in exchange for settlement relief.").

Lastly, no prejudice will result from issuance of a dismissal or stay because any concerns Plaintiffs may have about the fairness of the proposed settlement in *Garcia* can be adjudicated

---

[5] The *Garcia* settlement defines "synthetic ingredients" broadly, including but not limited to the ingredients specifically enumerated therein (Ex. 3 at 5), and therefore includes all of the ingredients challenged in the instant action.

2371264.3

during the approval process in that case. Moreover, Plaintiffs filed their claims almost three years after the *Garcia* plaintiffs, so waiting for the Southern District of Florida to rule on the pending motion for approval of the settlement will not prejudice Plaintiffs in this case.

## CONCLUSION

For the foregoing reasons, Kashi respectfully requests that the Court dismiss without prejudice or stay this action pending final approval or disapproval of the *Garcia* nationwide class settlement.

Dated: June 29, 2015                    JENNER & BLOCK LLP

By: /s Kenneth K. Lee

Kenneth K. Lee

*Attorneys for Defendant Kashi Company*

6