UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALEXANDER HUN and DANA PAUL, on
behalf of themselves and all others similarly
situated,

                        Plaintiffs,

      - against -

KASHI COMPANY, a California
corporation,

                        Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**

15-CV-1391 (ILG) (JO)

GLASSER, Senior United States District Judge:

      Plaintiffs bring this action on behalf of themselves and others similarly situated, alleging that Kashi Co. ("Kashi") mislabels products containing synthetic ingredients as "All Natural" and/or "Nothing Artificial," in violation of New York and New Jersey law. Noting that a nationwide class action settlement of virtually identical claims made pursuant to Florida and California law is pending final approval in Garcia v. Kashi Co., No. 12-cv-21678 (S.D. Fla., filed May 3, 2012), Kashi moves to dismiss this suit, or, in the alternative, stay it pending resolution of Garcia. Plaintiffs consent to a stay, but oppose Kashi's motion to dismiss, arguing that dismissal might subject them and putative class members to potential statute-of-limitations bars if the Garcia settlement is not approved.

      "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). This suit, although brought under different state law provisions than those in Garcia, clearly features "the same parties, or at least such as

1

represent the same interest . . . , the same rights asserted, and the same relief prayed for," along with "the same facts, and the [same] title or essential basis of the relief sought." Morency v. Village of Lynbrook P.O. Shield No. 217, 1 F. Supp. 3d 58, 61 (E.D.N.Y. 2014) (quoting Watson v. Jones, 80 U.S. 679, 715 (1871)).  It is therefore duplicative of Garcia.

Plaintiffs' fears of a potential statute-of-limitations bar if the case is dismissed, however, may be warranted.  Kashi relies heavily on American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974), in arguing that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Since plaintiffs here are raising state law claims, however, any court evaluating those claims' timeliness if they were re-filed after dismissal here and decertification of the class in Garcia would "look to the law of the relevant state to determine whether, and to what extent, the statute of limitations should be tolled by the filing of a putative class action in another jurisdiction."  Casey v. Merck & Co., 653 F.3d 95, 100 (2d Cir. 2011).

An oft-cited ruling from an intermediate appellate court in New Jersey makes it reasonably clear that the state applies the American Pipe rule to toll applicable statutes of limitations on claims of class members in cases filed in other jurisdictions.  See Staub v. Eastman Kodak Co., 726 A.2d 955, 963-64 (N.J. Super. Ct. App. Div. 1999).  New York's views are less certain, however, and the subject of serious dispute between federal district courts.  Compare In re LIBOR-Based Fin. Instruments Antitrust Litig. (LIBOR IV), No. 11 MDL 2262, 2015 WL 4634541, at *133-34 (S.D.N.Y. Aug. 4, 2015) (concluding that "New York would apply cross-jurisdictional class-action tolling as to both residents and non-residents"), with SRM Global Master Ltd. Fund P'ship v. Bear

2

Stearns Cos. LLC (In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.), 995 F. Supp. 2d 291, 311-12 (S.D.N.Y. 2014) (reaching the opposite conclusion).

Given the potential harm to plaintiffs if this case is dismissed and the Garcia settlement is not subsequently approved, the Court GRANTS, on consent, Kashi's motion to stay, and DENIES its motion to dismiss without prejudice.

SO ORDERED.

Dated:	Brooklyn, New York
	August 31, 2015

/s/
I. Leo Glasser
Senior United States District Judge